O

# United States District Court
# Central District of California

| | |
|---|---|
| HOLLYWAY CLEANERS & LAUNDRY COMPANY, INC., et al., <br><br>             Plaintiffs, <br><br>      v. <br><br> CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA, INC., and DOES 1–30, <br><br>             Defendants. | Case No. 2:13-cv-07497-ODW(Ex) <br><br> **ORDER DENYING EX PARTE APPLICATION [12]** |

On May 23, 2014, Plaintiffs filed an Ex Parte Application for Extension of Time.  (ECF No. 12.)  Plaintiffs request that the Court continue the expert-disclosure deadlines.  In the alternative, Plaintiffs request that the Court exclude all evidence from one of Central National Insurance Company of Omaha's ("CNICO") experts.  On May 27, 2014, CNICO opposed the ex parte application.  (ECF No. 14.)

To justify ex parte relief, the moving party must demonstrate that it (1) will be irreparably harmed if ex parte relief is not granted and (2) was without fault in creating the crisis requiring ex parte relief.  *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).  This Court makes clear to all parties

/ / /

appearing before it that ex parte practice is discouraged.  (*See* Scheduling and Case Management Order, ECF No. 94.)

When a district court sets a deadline, a party must present "good cause" for modifying the schedule.  Fed. R. Civ. P. 16(b)(4).  The Ninth Circuit has held that this standard "primarily considers the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quotation marks omitted).

First, Plaintiffs request a two-week extension of time for all parties to designate and provide reports for their experts.  Plaintiffs assert that they did not make their expert disclosures by the deadline set by the Court because they believed they had a stipulation with CNICO to extend the disclosure deadline.

The Court is unable to conclude that Plaintiffs are "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g*, 883 F. Supp. at 492.  The expert-disclosure deadline was May 19, 2014.  No stipulation was filed with the Court prior to this date. Plaintiffs' assertion that because expert disclosures are not filed with the Court "Plaintiff did not believe that the Court's approval of the stipulation was necessarily required or, [sic] that if it was required it had to be obtained before the deadline passed" is not persuasive.  (Appl. 4.)  It is the Court—not the parties—that is responsible for setting the case schedule, and it is the Court—not the parties—that is vested with the sole discretion to revise those deadlines.  Any party seeking to adjust those deadlines must present good cause for such a modification.  Fed. R. Civ. P. 16(b)(4).  Agreements built on emails and handshakes mean little until reduced to a signed stipulation filed with and *approved by* the Court.

In the alternative, Plaintiffs ask the Court to preclude CNICO from using "any information, opinions, testimony, documents or other evidence from its expert witness, John Sheller, on any motion, or at any hearing, trial, or other proceeding in this matter."  (Appl. 2.)  Plaintiffs argue that while CNICO timely designated its

experts, CNICO's disclosures were deficient because it did not provide Plaintiffs with either of their experts' reports.

An ex parte application is not the proper vehicle by which to request such relief. Essentially, Plaintiffs ask the Court to impose a discovery sanction against CNICO. Such a request is more properly the province of a motion in limine; there is simply no reason that a regularly noticed motion is inadequate to provide the relief sought. If, in fact, CNICO's expert disclosure was deficient the Court will apply the same stringent application of the Federal Rules of Civil Procedure and the Court's local rules to the motion to exclude the experts' reports.

Plaintiffs' Ex Parte Application is **DENIED**. (ECF No. 12.) The parties are strongly encouraged to work together to resolve discovery-related issues and cautioned to exercise discretion in seeking ex-parte relief for such matters.

**IT IS SO ORDERED.**

May 27, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**