ROBERT C. BAKER, BAR ID #49255
rbaker@bknlawyers.com
DERRICK S. LOWE, BAR ID 267998
dlowe@bknlawyers.com
BAKER, KEENER & NAHRA, LLP
633 West 5th Street
Suite 5500
Los Angeles, California 90071
Telephone: (213) 241-0900
Facsimile:  (213) 241-0990

Attorneys for Defendant
CENTRAL NATIONAL INSURANCE
COMPANY OF OMAHA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLYWAY CLEANERS & LAUNDRY COMPANY, INC.; MILTON CHORTKOFF; BURTON CHORTKOFF; EDYTHE CHORTKOFF; and WILMA CHORTKOFF,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA, INC., and DOES 1-30,,<br><br>　　　　Defendants. | Case No.: **CV13-7497 ODW (Ex)**<br><br>Complaint filed: 09-23-2013<br><br>[Assigned to Honorable Otis D. Wright II]<br><br>**DEFENDANT CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT ORDER; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**DATE　　: December 19, 2016**<br>**TIME　　: 1:30 p.m.**<br>**COURTROOM: 11** |

# TABLE OF CONTENTS

**MEMORANDUM OF POINTS AND AUTHORITIES** ..................................................1

    1.    **DEFENDANT HAS MADE THE REQUIRED MANIFEST SHOWING** ..................................................................................................1

    2.    **THE ANSWER IS GOVERNED BY STATE LAW, NOT FEDERAL LAW** ..................................................................................1

    3.    **THE ANSWER IS SUFFICIENT UNDER STATE LAW** ......................2

    4.    **DEFENDANT HAS COMPLIED WITH LOCAL RULE 7-3** ...............4

    5.    **CONCLUSION** ............................................................................................5

**DEFENDANT CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT ORDER**

# **TABLE OF AUTHORITIES**

**CASES**

*Advantec Group, Inc. v. Edwin's Plumbing Co., Inc.*,
   153 Cal.App.4th 621 (2007) ..................................................................2

*Harris v. City of Santa Monica*,
   56 Cal.4th 203 (2013) ..........................................................................4

*Hata v. Los Angeles County Harbor/UCLA Med. Ctr.*,
   31 Cal.App.4th 1791 (1995) .................................................................4

*Kirby v. Alleghany Beverage Corp.*,
   811 F.2d 253 (4th Cir. 1987) ................................................................2

*Morgan v. Superior Court*,
   172 Cal.App.2d 527 (1959) ..................................................................3

*Nestle v. Santa Monica*,
   6 Cal.3d 920 (1972) .............................................................................3

*Taylor v. Bailey Tool & Mfg. Co.*,
   744 F.3d 944 (5th Cir. 2014) ................................................................2

**STATUTES**

California Code of Civil Procedure section 473 ..........................................3

California Code of Civil Procedure section 430.20 .....................................4

California Code of Civil Procedure section 430.30 .....................................3

California Code of Civil Procedure section 431.30(b) ................................2

California Code of Civil Procedure section 431.30(d) ................................2

**OTHER AUTHORITIES**

F.R.C.P. Rule 8 ............................................................................................2

F.R.C.P. Rule 7-3 .....................................................................................4, 5

F.R.C.P. Rule 60(b) .....................................................................................5

1249-5142-0001     -ii-

**DEFENDANT CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT ORDER**

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. DEFENDANT HAS MADE THE REQUIRED MANIFEST SHOWING.

Plaintiffs Hollyway Cleaners & Laundry Company, Inc., Milton Chortkoff, Burton Chortkoff, Edythe Chortkoff, and Wilma Chortkoff's ("Plaintiffs") argue that the Court's order reflects that it already specifically addressed and considered defendant Central National Insurance Company of Omaha, Inc.'s ("Defendant").  However, the Court's finding that "CNI failed to raise any…'fraud'-based defenses in its Answer" belies this argument.  Fraud is universally considered an intentional misconduct yet the Court made no reference or specific mention of any of Defendant's affirmative defense relating to intentional misconduct by Plaintiffs, including, but not limited to, the very relevant affirmative defense of "intentional conduct."  Had the Court given full consideration to all of Defendant's affirmative defenses, at a minimum it would be expected that there would be specific mention of at least this affirmative defense and the basis for its inadequacy despite its seeming applicability.  No such specific mention appearing in the Court's order, the requisite showing has been made by Defendant.

## 2. THE ANSWER IS GOVERNED BY STATE LAW, NOT FEDERAL LAW.

Plaintiffs' opposition to the Motion for Reconsideration of Summary Judgment order (the "Motion") attacks the sufficiency of Defendant's Answer under federal law. However, if in fact the Court deemed the answer insufficient pursuant to these or similar arguments, this would simply reinforce Defendant's position that there was a manifest failure to consider material facts presented to the Court – i.e. that the Answer, and the general denials and affirmative defenses therein, were not given due consideration. That is, in addition to a failure to consider the efficacy of the Answer on its own, the Answer was further not given due consideration in that it was not properly analyzed as having been filed in state court prior to the removal of this matter to federal court.

As the Court is aware, this matter was originally filed on September 23, 2013 in state court in the County of Santa Barbara, with Defendant's Answer filed on October 4, 2013, also in state court.  Thereafter, this matter was removed to federal court on or

**DEFENDANT CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT ORDER**

about October 9, 2013. The consequence of this sequence of events is that the sufficiency and effect of Defendant's answer must be judged under <u>state law</u>, and <u>not</u> under federal law as Plaintiffs argue and as it now appears the Court may have done.

This is because the Federal Rules of Procedure apply only *after* removal, such that they do not provide for retroactive application to the procedural aspects of a case that occurred in state court before removal. *Taylor v. Bailey Tool & Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014). Accordingly, the federal rules do not apply to filings in state court, even if the case is later removed to federal court, noting that the cases specifically instruct that the Federal Rules of Civil Procedure "do not apply to the filing of pleadings or motions prior to removal." *Kirby v. Alleghany Beverage Corp.*, 811 F.2d 253, 257 (4th Cir. 1987). Thus, virtually all of Plaintiffs' opposition is rendered moot, as their reference to federal law requirements is inapplicable to the circumstances of this case.

In short, an answer that fully complies with state law is not suddenly rendered invalid or insufficient after removal to federal court. For example, state law permits a general denial, see e.g. California Code of Civil Procedure section 431.30(b), whereas federal law generally requires more specific denials, see e.g. F.R.C.P. 8. However, a state answer that asserts a general denial, as in this case, does not automatically become insufficiently pleaded simply by virtue of being removed to federal court. Similarly, the adequacy of Defendant's affirmative defenses and the effect of its general denial in this matter must be judged under state law, not federal law.

**3.    THE ANSWER IS SUFFICIENT UNDER STATE LAW.**

In this case, Defendant submitted a general denial to the entirety of Plaintiffs' original state court complaint. Under California law, this is effective to controvert *all* material allegations of an unverified complaint. California Code of Civil Procedure section 431.30(d). "Under a general denial, the defendant may urge any defense tending to show that plaintiff has no right to recover or no right to recover to the extent that he or she claims." *Advantec Group, Inc. v. Edwin's Plumbing Co., Inc.*, 153 Cal.App.4th 621, 627 (2007).

1249-5142-0001                                                     -2-

**DEFENDANT CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT ORDER**

Defendant's defense that the subject policy was rendered void by virtue of the fraudulent misrepresentations and concealment of the Plaintiffs thus falls squarely under its general denial, as such a defense show that Plaintiffs have no right to recover.  For example, as the Court will note, the Complaint alleges in ¶ 27 that Plaintiffs "performed all terms and conditions under the insurance policies" and "is entitled to the full benefits and protections of said insurance policies."  By virtue of Defendant's general denial as to these and all related allegations, Defendant is entitled to urge any defense showing that Plaintiffs have no right to recover.  As such, the defense that Plaintiffs are not in-fact entitled to the full benefits and protections of the subject policy, by virtue of their fraudulent misrepresentations and concealment that rendered the subject policy void, is therefore encompassed by the general denial under California law.

In addition, unlike federal law, California has no requirement that an affirmative defense based on fraud be stated with particularity.  Rather, Code of Civil Procedure section 430.30 merely requires that there be a "statement of any new matter constituting a defense."  As such, to the extent the general denial does not already encompass the voided policy and fraud defenses, the affirmative defenses previously identified – i.e. the 12th, 19th, 26th, and 27th affirmative defenses for frustration of purpose, intentional conduct, waiver, and unclean hands – each comply with the minimal pleading requirements under California law and are effective to support Defendant's arguments in opposition to Plaintiffs' motion for summary judgment.

Moreover, also unlike federal law that considers affirmative defenses waived if not initially asserted in the answer, California recognizes liberal pleading rules under which the court may grant leave to amend the pleadings at any stage of the action. Code of Civil Procedure section 473.  In fact, courts are instructed to liberally exercise their discretion to permit amendments of the pleadings and the policy favoring amendment is so strong that denial of leave to amend can rarely be justified.  See *Nestle v. Santa Monica*, 6 Cal.3d 920, 939 (1972); see also *Morgan v. Superior Court*, 172 Cal.App.2d 527, 530 (1959).  Additionally, even where a defense is defectively pleaded, it may still

1249-5142-0001                                  -3-

**DEFENDANT CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT ORDER**

be allowed so long as the pleading gives sufficient notice to enable plaintiff to prepare to meet the defense. *Harris v. City of Santa Monica*, 56 Cal.4th 203, 240 (2013). In short, given the minimal pleading requirements for an answer in California and the liberal view on amendment and accommodation of defects – in contrast with federal law – it would be a manifest showing of a failure to consider material facts if the Court were to find the defense of void policy or fraud waived or defective in view of the Answer and the affirmative defenses asserted therein.

Finally, California law provides that a plaintiff may demur to an answer on the ground of insufficient pleading or defenses. California Code of Civil Procedure section 430.20. However, failure to demur ultimately reflects a waiver of the right to challenge the sufficiency of the answer on the presumption that had the demur been brought, defendant would have been allowed to amend the answer. See e.g. *Hata v. Los Angeles County Harbor/UCLA Med. Ctr.*, 31 Cal.App.4th 1791, 1805 (1995). Here, where Plaintiffs are long-overdue in their ability to challenge the sufficiency of the state court answer, they have similarly long waived their ability to do so. In view of this waiver, there can be no challenge as to the sufficiency of the Answer under California law and thus the Answer can in no way to be said to be insufficient to support Defendant's opposition to Plaintiffs' motion for summary judgment on the grounds of the subject policy having been rendered void due to the fraudulent conduct of Plaintiffs.

4. **DEFENDANT HAS COMPLIED WITH LOCAL RULE 7-3.**

Local Rule 7-3 states that when a proposed motion must be filed within a specified period of time, then the conference "shall take place at least five (5) days prior to the last day for filing." As the Court is aware, the ordered cut-off date for motions to be heard was actually November 15, 2016 and the pre-trial conference in this matter is set for December 19, 2016. In addition, with the impending trial and preparation of pre-trial documents, there is a specific amount of time remaining for the Motion to be heard, such that the five-day rule was in effect and complied with. In short, time was of the essence with respect to the Motion.

1249-5142-0001 -4-

**DEFENDANT CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT ORDER**

Further, as a motion for reconsideration under F.R.C.P. Rule 60(b) need only be made within a "reasonable time" and "no more than a year after entry of the judgment or order," there is no time restriction that would prevent Defendant from simply re-filing the present motion.  However, this would only create needless delay and waste unnecessary judicial resources.  Moreover, to the extent the Court determines there was insufficient compliance with Local Rule 7-3, F.R.C.P. 61 provides that unless justice requires otherwise, no error by a party shall preclude disturbing a judgment or order and that the court must "disregard all errors and defects that do not affect any party's substantial rights."  Here, none of Plaintiffs' substantial rights have been affected by virtue of any error that may have occurred in that Plaintiffs have had adequate time to offer an opposition to Defendant's motion for reconsideration and were otherwise not affected by the date of the meet and confer relative to the hearing of the Motion.  Moreover, the time constraints created by impending trial dates and given that the Court's order on Plaintiffs' summary judgment motions was only issued recently weigh in favor of resolving the Motion at this time instead of at a later date.

## 5. CONCLUSION.

For the reasons set forth above, Defendant respectfully requests that the Court reconsider the identified portions of the Order on the grounds that there has been a manifest showing of a failure to consider material facts presented to the Court – i.e. the Answer filed by Defendant – in that the Court failed to consider the significance of the Answer having been filed in state courtand the substance of Defendant's Answer.

DATED:  December 5, 2016             BAKER, KEENER & NAHRA, LLP

By  /s/ROBERT C. BAKER
ROBERT C. BAKER
DERRICK S. LOWE
Attorneys for Defendant
CENTRAL NATIONAL INSURANCE
COMPANY OF OMAHA, INC.

1249-5142-0001                -5-

**DEFENDANT CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT ORDER**

# CERTIFICATE OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

### HOLLYWAY CLEANERS & LAUNDRY COMPANY, INC. v. CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA, INC.
### USDC Case No.: CV13-7497 ODW (Ex)

I am over the age of 18 and not a party to the within action; I am employed by BAKER, KEENER & NAHRA, LLP in the County of Los Angeles at 633 West Fifth Street, Suite 4900, Los Angeles, California, 90071.

On December 5, 2016, I served the foregoing document(s) described by **DEFENDANT CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT ORDER; MEMORANDUM OF POINTS AND AUTHORITIES** by placing true copies thereof enclosed in sealed envelope(s), as follows:

| | |
|---|---|
| A. Raymond Hamrick, III, Esq.<br>DavidL. Evans, Esq.<br>HAMERICK & EVANS, LLP<br>2600 W. Olive Avenue, Suite 1020<br>Burbank, CA  91505<br>(818) 763-5292; (818) 763-2308-FAX<br>aray@hamricklaw.com<br>dlevans@hamricklaw.com | Counsel for Plaintiffs |

✗ **(BY ECF)** I caused the above-referenced document(s) to be filed the Electronic Case Filing (ECF) system in the **United States District Court for the Central District of California, on all parties registered for e-filing**.  Counsel of record are required by the Court to be registered e-filers, and as such, are automatically e-served with a copy of the documents upon confirmation of e-filing.

✗ **(FEDERAL)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on December 5, 2016, at Los Angeles, California.

                                        */S/  DERRICK S. LOWE*
                                        DERRICK S. LOWE

1249-5142-0001 -6-

**DEFENDANT CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT ORDER**