O

# United States District Court
# Central District of California

| | |
|---|---|
| HOLLYWAY CLEANERS & LAUNDRY COMPANY, INC.; MILTON CHORTKOFF; BURTON CHORTKOFF; EDYTHE CHORTKOFF; WILMA CHORTKOFF,<br><br>          Plaintiffs,<br>   v.<br><br>CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA, INC,<br><br>          Defendant. | Case No. 2:13-cv-07497-ODW(E)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [94]** |

## I.   INTRODUCTION

Defendant Central National Insurance Company of Omaha, Inc. ("CNI") asks this Court to reconsider its November 7, 2016, Order granting Plaintiffs' Motion for Partial Summary Judgment. (ECF Nos. 93, 84.) For the following reasons, the Court **DENIES** Defendant's Motion.

## II.   FACTUAL BACKGROUND

This case relates to a dispute between the owners of a dry cleaning business and their insurance carrier. Plaintiffs assert that CNI failed to defend them as required by

contract in an underlying state court action for environmental contamination. (Compl. ¶ 1, ECF No. 1.) Plaintiffs filed a Motion for Partial Summary Judgment as to CNI's duty to defend and breach of that duty. (Mot. for Partial Summ. J.) The Court granted the Motion, and in doing so it rejected CNI's argument that the contract was void due to Plaintiffs' fraudulent acts and omissions. (Order Granting Mot. for Partial Summ. J. 10.) The Court determined that CNI was barred from bringing such a defense, since it was not included in its Answer. (*Id.*) *See In re Adbox, Inc.*, 488 F.3d 836, 841 (9th Cir. 2007). Following the Court's Order, CNI filed the instant Motion for Reconsideration.[1] (ECF No. 94.)

## II. LEGAL STANDARD

A party may file a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e) within twenty-eight days of the order that it seeks to amend. However, Rule 59(e) is an "extraordinary remedy to be used sparingly" and is rarely granted "absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 880 (9th Cir. 2009).

Local Rule 7-18 dictates that there are only three grounds on which such a motion may be granted:

> (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (2) the emergence of new material facts or a change of law occurring after the time of such decision, or (3) a

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion for Reconsideration, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

manifest showing of a failure to consider material facts presented to the Court before such decision.

### III. DISCUSSION

CNI asserts that the third circumstance contemplated in Local Rule 7-18 is present here; it argues that this Court failed to consider material facts in CNI's Answer in ruling that CNI did not raise any "void" or "fraud"-based defenses. (Mot. 2.) CNI discusses a number of the affirmative defenses included in its Answer, arguing that each of them contains language "aimed directly at the issue of the subject policy being rendered void or otherwise unenforceable due to the fraudulent conduct of Plaintiffs." (*Id.* at 4.)

The Court disagrees that it failed to consider CNI's Answer. Simply put, CNI's Answer does not mention fraud, the possibility that the contract might be void, or even the existence of any misrepresentations on Plaintiffs' part. (*See* Answer, Not. of Removal, Ex. B, ECF No. 1.) CNI argues that its Answer's sufficiency should be subject to California law, since at the time it filed its Answer the case had not yet been removed from California state court. (Reply 2–3, ECF No. 96.) CNI's position is that because its Answer should be analyzed under California law, Federal Rule 9(b) requiring a heightened pleading standard for fraud does not apply. (*Id.*)

Even if CNI's Answer is not subject to Rule 9(b), CNI is incorrect in its assertion that California does not require the affirmative defense of fraud to be stated with particularity. (*See id.* at 3.) California case law clearly supports the opposite conclusion. *See, e.g.*, *Appollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 240 (2007) ("Fraud allegations must be pled with more detail than other causes of action."); *Small v. Fritz Companies, Inc.*, 30 Cal. 4th 167, 184 (2003) ("In California, fraud must be pled specifically; general and conclusory allegations do not suffice."); *Stansfield v. Starkey*, 220 Cal. App. 3d 59, 64 (1990) ("[F]raud must be specifically pleaded (who said what to whom and when and where) and the

circumstances of discovery of the fraud must be pleaded (when, by whom, where and how).").

Far from reaching this standard, CNI's Answer does not include any mention of a "fraud" or of the particular circumstances underlying the alleged fraud. (*See id.*) The Court cannot find what is not there. As such, the Court determines that CNI has not raised any valid grounds for reconsideration of the Court's November 7, 2016, Order.

## IV.   CONCLUSION

For the reasons discussed above, the Court DENIES Defendant's Motion for Reconsideration (ECF No. 94).

**IT IS SO ORDERED.**

December 6, 2016

_____
 **OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**